**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

TRINA L. FLUAITT, )
 )
       Plaintiff, )
 )
 ) Case No. CIV-18-070-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
       Defendant. )

**OPINION AND ORDER**

Plaintiff Trina L. Fluaitt (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1521. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 51 years old at the time of the ALJ's decision. She has a limited education and worked in the past as a laundry worker and a housekeeper. Claimant alleges an inability to work beginning on July 24, 2015, due to limitations resulting from back problems, high blood pressure, obesity, depression, and anxiety attacks.

**Procedural History**

On July 14, 2015, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On

December 12, 2016, the Administrative Law Judge("ALJ") Lantz McClain conducted a video hearing from Tulsa, Oklahoma, and Claimant appeared in Poteau, Oklahoma. On February 2, 2017, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on January 9, 2018, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at steps four and five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform medium work, with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error by (1) failing to reach a proper RFC determination (with several subparts to the issue); and (2) failing to reach a proper step four determination with respect to past relevant work.

**RFC Determination**

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, obesity, adjustment disorder with depressed mood, and unspecified personality disorder. (Tr. 15). He determined Claimant could perform medium work with additional limitations. In so doing, the ALJ found

4

Claimant could occasionally lift and/or carry fifty pounds, frequently lift and/or carry twenty-five pounds, stand and/or walk at least six hours in an eight-hour workday, and sit for at least six hours in an eight-hour workday. Claimant was limited to simple, repetitive tasks, and she was able to relate to supervisors and coworkers only superficially. She could not work with the public. (Tr. 18).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform her past relevant work as a housekeeper and laundry worker. (Tr. 24-25). Relying on the VE's testimony, the ALJ also determined Claimant could perform the representative jobs of hand packager and dishwasher, both of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 25-26). As a result, the ALJ concluded Claimant was not under a disability from July 24, 2015, her amended alleged onset date, through the date of the decision. (Tr. 26).

Claimant contends the ALJ's RFC assessment is unsupported by substantial evidence. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc.

5

Sec. Rul. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id*. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Claimant first asserts that even though the ALJ determined Claimant suffered from severe degenerative disc disease in the lumbar spine and obesity, he failed to include any non-exertional, postural limitations in the RFC. The ALJ discussed the medical evidence in the decision, including the objective evidence cited by Claimant in support of such limitations. He evaluated Claimant's symptoms, the objective medical evidence, and the other evidence in the record and determined that no further limitations were warranted other than those included in the RFC. (Tr. 19-22). The Court will not reweigh the evidence to determine whether substantial evidence exits to support the ALJ's decision. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).

6

Claimant next asserts the RFC is deficient because the ALJ adopted the opinions of the non-examining state agency physicians in his decision from October 16, 2015 and February 3, 2016. She contends these opinions cannot serve as substantial evidence to support the RFC, because neither physician examined Claimant and the opinions were issued prior to objective findings of right paresthesia and an updated MRI showing progression of Claimant's degenerative disc disease. The ALJ considered the opinions of the state agency physicians in the decision and after evaluating Claimant's symptoms and considering the objective evidence in the record, he determined their opinions that Claimant could perform medium work were consistent with the record as a whole. (Tr. 23). He noted the evidence of Claimant's MRI findings from February 11, 2016, and the January of 2016 treatment records of Dr. Solangel Pollack, M.D., noting right leg paresthesia. The ALJ relying on other medical evidence in the record determined that the additional findings did not reduce Claimant's capacity "to perform work-related activities to a greater degree than the limited range of medium work set forth in the RFC. (Tr. 21-22). It is "the ALJ, not a physician, [who] is charged with determining a claimant's RFC from the medical record." *Howard*, 379 F.3d at 949, citing Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *5.

Claimant also argues that the ALJ inappropriately relied upon her having "routine care" when assessing the RFC. She contends

7

that she had breast reduction surgery to relieve her back pain and she was also without insurance for part of the time. However, the ALJ noted that Claimant underwent "routine follow-up care", when she was seeing Dr. Pollack in 2016. He did not characterize all of her treatment as routine. (Tr. 21-22). Moreover, Claimant never claimed she did not seek treatment because she could not afford it. Claimant testified that she had not always had medical insurance, but since she has had insurance, she has been seeing more doctors. (Tr. 19). The ALJ did not improperly consider Claimant's effort to seek treatment. *See Flaherty v. Astrue*, 515 F.3d 1067, 1070-71 (10th Cir. 2008) ("To the extent Ms. Flaherty claims she could not afford treatment . . ., the record indicates that she had health insurance during at least part of the relevant period . . . and she did not testify during the hearing that a lack of finances was the reason she did not receive treatment[.]").

Claimant argues the ALJ inappropriately considered the opinion of consulting physician Azhar Shakeel, M.D., when determining the RFC. Dr. Shakeel noted Claimant complained of back pain, but otherwise, he determined her range of motion and physical examination were normal. (Tr. 362-69). The ALJ discussed Dr. Shakeel's opinion in the decision and he weighed it with the other evidence in the record to determine that Claimant had an RFC for medium work with additional limitations. There is no error here.

Claimant next argues that the ALJ ignored Claimant's testimony and medical evidence of Claimant's impairments to her knee and neck and paresthesia. Claimant contends that even if these impairments were considered "non-severe," the ALJ should have considered them in the RFC. The ALJ noted in his decision that he considered all medically determinable impairments, even those that were not severe, in the RFC determination. (Tr. 16). In his RFC assessment, the ALJ specifically considered an examination of Claimant wherein it was noted Claimant suffered from chronic knee and neck pain and paresthesia (upper and lower extremities). (Tr. 21). Thus, the ALJ did not ignore this evidence when assessing Claimant's RFC.

Claimant further contends that the ALJ determined her obesity was a severe impairment, but he failed to identify any functional limitations related to her obesity in the RFC. Social Security Ruling 02-1p requires that an ALJ consider that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately" when assessing the RFC. Soc. Sec. Rul. 02-1p, 2000 WL 628049, *1 (Sept. 12, 2002). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." *Id*. at *6. Thus, "assumptions about the severity or functional effects of obesity combined with other impairments [will not be made]." *Id*.

Claimant cites to *DeWitt v. Astrue*, 381 Fed. Appx. 782 (10th Cir. 2010) in support of her argument that the ALJ failed to consider her obesity when assessing the RFC. In *Dewitt*, although the Tenth Circuit ultimately determined the ALJ failed to give adequate consideration to the claimant's obesity, the court suggested that if the medical expert had considered her obesity with her other impairments, the ALJ's reliance on the medical expert's testimony for the RFC could have satisfied the requirement. *Id*. at *3.

Here, the ALJ determined the opinions of the state agency physicians were consistent with the record as a whole, and he agreed with their conclusion that Claimant could perform medium work. The state agency physicians' review of the record reveals that in reaching their conclusions that Claimant could perform medium work, they both considered her obesity a severe impairment (Tr. 81, 97), her complaints of back pain when bending, stooping, sitting for long periods of time, or twisting (Tr. 84, 100), and determined her obesity did not further affect the RFC. (Tr. 85, 101). Thus, this is sufficient to establish that Claimant's obesity was considered with her other impairments in the RFC. *See Howard*, 379 F.3d at 948 ("[T]he consultative examination and resulting report, which took into account claimant's obesity, supports the ALJ's RFC determination.").

Claimant lastly contends the ALJ failed to include all the necessary limitations for her mental impairments in the RFC. First, she argues that the RFC does not properly account for her moderate difficulties in maintaining concentration, persistence, or pace. However, the ALJ was not required to include these restrictions in the RFC. See *Bales v. Colvin*, 576 Fed. Appx. 792, 798 (10th Cir. 2014); *see also* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *4 (July 2, 1996) ("[T]he limitations identified in the 'paragraph B' and paragraph 'C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings."). The Court finds no error in this regard.

Second, Claimant argues that the state agency psychologists determined Claimant was markedly limited in her ability to carry out detailed instructions. The ALJ adopted portions of the state agency psychologists' opinions, stating that he gave them "diminished, but partial weight." (Tr. 23). The ALJ noted that he gave more weight to the opinions of the psychological consultants because their opinions conformed with the Revised Medical Criteria for Evaluating Mental Disorders, and the opinions

from the state agency psychologists did not. The ALJ notes that the new criteria did not become effective until January 17, 2017. (Tr. 23). In any event, the ALJ did not specifically address which portions of the state agency psychologists' opinions he gave "diminished weight" and those he gave "partial weight." The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984).

The ALJ's omission of the marked limitation is not harmless to Claimant's case. The ALJ did not reference "detailed instructions" in the RFC or in the hypothetical questions to the VE. (Tr. 72-73). In response to the hypothetical question, and relying on the *Dictionary of Occupational Titles*, the VE indicated Claimant could perform her past relevant work as a housekeeper (DOT # 323.687-010) and a laundry worker (DOT # 361.685-018) and other jobs in the national economy, including a hand packager (DOT # 920.587-018) and a dishwasher (DOT # 318.687-010). *Id.* Based on the VE's testimony, the ALJ determined Claimant could perform her past relevant work as well as the jobs of hand packager and dishwasher. (Tr. 24-26).

The VE testified and the DOT confirms that Claimant's past relevant work and the additional jobs identified by the VE include a reasoning level of 2, which requires the ability to "[a]pply

12

commonsense understanding to carry out detailed instructions but uninvolved written or oral instructions." Thus, if the limitation that Claimant is markedly limited in her ability to carry out detailed instructions is incorporated into the RFC, the Claimant will be unable to perform her past relevant work and the other jobs identified by the VE and relied upon by the ALJ in the decision. On remand, the ALJ shall re-evaluate the RFC in light of the his evaluation of the opinion evidence from the state agency psychologists. He should make the required modifications in the RFC consistent with the limitations he finds.

**Step Four Determination Regarding Past Relevant Work**

Claimant asserts the ALJ's step four determination that she can perform her past relevant work is legally flawed. The Court is remanding the case for the ALJ to re-evaluate the RFC based on the above-described deficiency. The may be required to further modify the RFC and the hypothetical questioning of the VE. He may also have to make a new determination of whether Claimant can perform her past relevant work.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the

case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE